ALD-074                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2016
_____

PHENG KUANG NA,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A088-646-122)
Immigration Judge: Honorable Steven A. Morley
_____

Submitted on Respondent's Motion for Summary Disposition Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
December 19, 2019
Before: MCKEE, SHWARTZ, and PHIPPS, Circuit Judges

(Opinion filed: April 13, 2020)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Petitioner Pheng Kuang Na petitions for review of an order of the Board of Immigration Appeals (BIA) denying his motion to reopen. The Government has filed a motion for summary disposition arguing that no substantial question is presented on appeal. For the following reasons, we will grant the Government's motion and summarily deny the petition for review. 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Na, an ethnic Chinese Christian native and citizen of Indonesia who entered the United States in 2005 on a valid non-immigrant visa, was charged with removability pursuant to 8 U.S.C. § 1227(a)(1)(B), for remaining in the United States for a time longer than permitted. An Immigration Judge (IJ) sustained the charge of removability. In 2010, Na filed an application for asylum and for withholding of removal. He claimed that he had suffered past persecution as a Chinese Christian and feared that he would suffer persecution on account of his ethnicity and religion in the future. The IJ denied the asylum application as untimely because it was not filed within a year of Na's arrival, and there were no extraordinary circumstances related to the delay. See 8 U.S.C. §§ 1158(a)(2)(B), (a)(2)(D). The IJ further determined that Na had failed to meet his burden of proof for withholding of removal. The BIA dismissed his appeal, and Na filed a petition for review in which he argued that the Board made an impermissible factual finding in determining that his asylum application was not filed within a reasonable time. We granted the Government's motion to remand.

In March 2016, the Board again affirmed, agreeing with the IJ that Na had not met his burden to prove "extraordinary circumstances directly related to his failure to timely file his asylum application." It also affirmed the IJ's determination that the harm Na

2

suffered in Indonesia did not rise to the level of persecution, and that he failed to establish a clear probability he would suffer persecution if he returns to Indonesia. Na once again petitioned for review. We dismissed the petition to the extent Na challenged the Board's disposition of his asylum application as untimely and otherwise denied the petition, finding that the agency's denial of the withholding claim was supported by substantial evidence. See Na v. Att'y Gen., 665 F. App'x 178 (3d Cir. 2016). In particular, we found that substantial evidence supported the Board's conclusion that Na would not likely suffer future persecution. Id. at 181. In so holding, we noted that, while the record showed "widespread discrimination" against Chinese Christians, it did not support a finding of "pervasive or systemic persecution." Id. (citation omitted).

On December 27, 2016, two weeks after this Court's decision, Na filed a motion to reopen his immigration proceedings based on "changed country conditions," which the Board denied as untimely. The Board noted that the motion did not meet any of the exceptions which would allow Na to file an untimely motion to reopen, and, alternatively, that he failed to satisfy his burden of showing prima facie eligibility for relief. Na petitioned for review, and we granted the Government's motion to summarily deny the petition, noting that the Board did not err in concluding that the evidence did not demonstrate a pattern or practice of discrimination against ethnic Chinese Christians. See C.A. No. 17-2202 (Order entered February 13, 2018).

Five months later, on July 2, 2018, Na filed another counseled motion to reopen with the BIA, arguing that changed country conditions warranted relief. The BIA denied the motion, and this petition for review ensued.

3

We have jurisdiction over the petition for review pursuant to 8 U.S.C. § 1252(a)(1). We review the denial of a motion to reopen for an abuse of discretion, Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006), reversing only if the BIA's decision is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002).

An alien has the statutory right to file one motion to reopen removal proceedings within 90 days of the entry of an order of removal. See 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Na's motion was his second motion to reopen and that it was filed more than 90 days after the BIA's final decision. However, he argues that he falls within the exception to these limitations on the grounds that the basis of his motion is changed country conditions, and the evidence supporting the motion could not have been discovered or presented at the previous proceeding. See 8 U.S.C. § 1229a(c)(7)(C)(ii); see also 8 C.F.R. § 1003.2(c)(3)(ii). Na challenges the Board's conclusion that he did not meet this exception because he had failed to demonstrate materially changed country conditions.

In support of his motion to reopen, Na presented the 2018 Human Rights Watch World Report and three articles – two reporting on bombings at three Christian churches in Indonesia in 2018, and one reporting that Jakarta's former Governor, a Christian, was sentenced to two years' imprisonment for blasphemy. Na argued in his motion that the evidence "document[s] the pervasive, systemic and organized effort by radical Muslims and the Indonesian authorities to prevent the free expression of Christianity" and that "the

4

police and government authority have been either tolerant of violence or ineffectual in curbing anti-Christian violence." A.R. at 23.

The BIA acknowledged the recency of Na's evidence but determined that it reflects "a continuance of the on-going and sometimes volatile circumstances for Chinese Christians in Indonesia" that gave rise to Na's initial claim. BIA Op. at 2. With the exception of the articles on the church bombings, the evidence is not qualitatively different than that which Na provided in support of his first motion to reopen. Na had previously presented evidence of increased enforcement of the blasphemy law, including an article reporting that the Jakarta Christian Governor was named by the Indonesian National Police as a suspect in a blasphemy investigation. And the 2018 Human Rights Watch report noted that "[r]eligious minorities *continue* to face harassment, intimidation from government authorities, and threats of violence from militant Islamists." A.R. at 37 (emphasis added). The articles on the bombings report that they were coordinated suicide attacks at three different Christian churches by Muslim extremists on behalf of the Islamic State. A.R. at 27-25. The BIA did not address the articles, one of which noted a "resurgence of Islamist attacks in recent years," or Na's claim that the bombings created changed country conditions for Indonesian Christians. Id. at 35. In any event, there is support for the Board's alternative basis for denying the motion to reopen – that Na had failed to establish prima facie eligibility for relief from removal. See INS v. Abudu, 485 U.S. 94, 104 (1988) (recognizing that the BIA may deny a motion to reopen if a "movant has not established a prima facie case for the underlying substantive relief sought"); Lin v. Att'y Gen., 700 F.3d 683, 686 (3d Cir. 2012).

5

An asylum applicant must make a showing of a particularized threat of persecution. See Shardar v. Att'y Gen., 503 F.3d 308, 316 (3d Cir. 2007). Na did not proffer evidence that he would be individually singled out for persecution; rather, he argued that there is a "pattern or practice" of discrimination against ethnic Chinese Christians like himself. See Sukwanputra v. Gonzales, 434 F.3d 627, 637 (3d Cir. 2006). To constitute a pattern or practice, the persecution of the group must be "systemic, pervasive, or organized." See Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir. 2005) (quotation marks and citation omitted) (superseded by statute on other grounds). Moreover, the acts of persecution must be committed by the government, or forces the government is either unable or unwilling to control. Id.

The Board's conclusion that the evidence was insufficient to demonstrate "systemic, pervasive, or organized" persecution of Chinese Christians is not "arbitrary, irrational or contrary to law." Sevoian, 290 F.3d at 174. The exhibits, which detail religious intolerance in Indonesia, highlight a few specific examples of enforcement of the blasphemy laws against individuals of various minority faiths and isolated incidents of religious violence by non-government actors. Na did not raise a single allegation of legal or factual error committed by the Board in denying the motion to reopen, and we perceive no abuse of discretion. We therefore grant the Government's motion for summary disposition, and we will deny the petition for review.